UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

            Plaintiff,

                       Case #12-CR-6117-FPG

v.

                       DECISION & ORDER

CHRISTINE WRIGHT-DARRISAW,

            Defendant.

---

By text order dated August 28, 2012, this case was referred to United States Magistrate Judge Jonathan W. Feldman, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. #25. The indictment in this case alleges that Defendant Christine Wright-Darrisaw threatened to kill the President of the United States in violation of 18 U.S.C. § 871, and made false statements to a federal officer in violation of 18 U.S.C. § 1001(a)(2). Dkt. #24.

Defendant has moved to suppress statements she made to United States Secret Service Special Agent Joel Blackerby on March 3, 2012, as well as information displayed on her cell phone that same day. Dkt. #28. Magistrate Judge Feldman held a suppression hearing on January 29, 2013, where Blackerby was the government's sole witness. Defendant did not present any witnesses. Dkt. #38. On May 2, 2013, Magistrate Judge Feldman issued his Report and Recommendation (Dkt. #43), which recommends denial of Defendant's suppression motions. Defendant filed her objections to the Report and Recommendation on May 30, 2013. Dkt. #45.

Since Defendant has filed objections, this Court must conduct a de novo review of those portions of the Report and Recommendation to which objections have been made. *See* 28 U.S.C. § 636(b)(1)(C). In doing so, the Court "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate." *Id.* As part of this review, the Court has considered all of the parties' submissions to date, as well as the transcript of the suppression hearing. Based upon that de novo review, I find no basis to alter, modify or reject the Magistrate Judge's Report and Recommendation.

Regarding Defendant's motion to suppress statements she made to Blackerby, Defendant objects to Magistrate Judge Feldman's conclusion that the statements were not the product of a custodial interrogation and, therefore, *Miranda*[1] warnings were not required.

In determining whether a person is "in custody" for *Miranda* purposes, the "overarching custody question is whether a reasonable person in the suspects position would have understood herself to be subjected to restraints comparable to those associated with a formal arrest." *United States v. FNU LNU*, 653 F.3d 144, 153 (2d Cir. 2011) (internal citations, quotations and alterations omitted). In making this objective determination, courts consider the circumstances surrounding the encounter with law enforcement, including such factors as the duration of the encounter, the location of the encounter, whether the officers used restraints, whether weapons were present or displayed, and whether officers told the suspect they were free to leave or under suspicion. *Id.*

In this case, the encounter between Defendant and Blackerby was brief, lasting only about 20 minutes. The Defendant was asked by a college security officer to step out of her Saturday class to speak with Blackerby. During that meeting, which occurred in a public place (a hallway at Monroe Community College), Defendant was never searched or patted-down, she was not handcuffed or told in any way that she was not free to leave, and she was never told that she was under arrest or threatened with arrest. During the interview, Defendant refused to answer some of the questions posed to her -- without any consequence – and at the end of the

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

interview, she returned to her class. There is simply no evidence in the record that Defendant was compelled to stay and answer any of Blackerby's questions; and based upon the totality of the circumstances, I agree with Magistrate Judge Feldman and conclude that a reasonable person would have understood that they were free to stop answering questions and leave the area. As such, Defendant was not "in custody" at the time of the encounter, and therefore *Miranda* warnings were not required.

Regarding Defendant's motion to suppress information she displayed on her cell phone to Blackerby during the interview, Defendant's objection appears to be based upon her claim that her conduct was involuntary because she was "in custody" when asked to display information in her phone. Having already determined that Defendant was not "in custody" while being questioned, I reject this facet of the argument. The question then becomes whether Defendant voluntarily consented to displaying her phone to Blackerby, or whether the information obtained was the product of an illegal search.

The government bears the burden of establishing by a preponderance of the evidence that consent to search was freely and voluntarily given. *United States v. Isiofia*, 370 F.3d 226, 231 (2d Cir. 2004). "Voluntariness is a question of fact determined by a 'totality of all the circumstances.'" *Id.* (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973)). Here, the uncontroverted testimony establishes that during the interview, Blackerby asked Defendant if she could show him the White House contact information she stored in her cell phone. In response, Defendant opened her cell phone, pulled up the contact information, turned the cell phone around, and displayed it to Blackerby. At no time did Blackerby take the cell phone from Defendant, nor did he even touch the cell phone. In fact, when Blackerby asked Defendant to display her call logs to him, she declined, closed the cell phone, and put it away. Blackerby did not ask Defendant to show him the cell phone again, to take the cell phone back out, or to turn

3

over the cell phone. Rather, the cell phone stayed with Defendant, under her control, on her terms.

Based on the totality of the circumstances, I conclude, as did Magistrate Judge Feldman, that the government has met its burden of establishing that Defendant voluntarily displayed the White House contact information on her cell phone to Blackerby, and that Defendant voluntarily consented to Blackerby viewing the information she was displaying to him on her cell phone.

Based on all of the foregoing, the Court accepts and adopts the Report and Recommendation filed by United States Magistrate Judge Jonathan W. Feldman (Dkt. #43) in its entirety, and Defendant's motions to suppress (Dkt. #28) are denied in all respects.

IT IS SO ORDERED.

DATED: Rochester, New York
July 9, 2013

HON. FRANK P. GERACI, JR.
United States District Judge